[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendants move to modify the temporary injunction of this court dated May 9, 2002, on the grounds that the Department of Environmental Protection issued to the plaintiff a Notice of Violation to the effect that the plaintiff is violating its permit regarding transloading recyclable solid waste at the facility at 123 Murphy Road, Hartford, Connecticut. The defendant seeks to "cease transloading loose paper without processing so that said Defendants are not in violation of the laws of the state of Connecticut."
The Notice of Violation dated July 11, 2002 is not an order by the Department of Environmental Protection (hereinafter "DEP") to cease transloading. Clearly it was issued pursuant to Connecticut General Statutes § 22a-6s, which under subsection (c) gives the alleged violator thirty days to correct the violation or to certify that no violations occurred. The Notice of Violation had appended to it a paper entitled "Advice to Recipients of Notices of Violation." It states "Generally, DEP's first attempt to resolve the types of violations alleged in this case is through the issuance of a Notice of Violation. If you disregard this notice, it will be assumed you do not wish to cooperate and you should expect that DEP will take more formal enforcement action. This can include issuing an administrative order, and/or filing suit to obtain an injunction and penalties as provided by law."
Connecticut Resources Recovery Authority (hereinafter "CRRA") has responded to the Notice of Violation by denying a violation regarding transloading and if in violation, seeking a modification of the underlying permit. CRRA and DEP are in the process of negotiating a resolution of the issue.
DEP has the authority to determine the legality of the present operations at the facility and has not reached a decision. This court will CT Page 11152 not supplant the authority of the department or prejudge its ruling.
The Notice of Violation is not a DEP order to cease and desist the operations at the facility. The defendant has failed to show any reason for modifying this court's temporary injunction. The motion is DENIED.
Satter, J. Judge Trial Referee CT Page 11153